OLIVER FOSTER, *Plaintiff in Error*, v. JOHN SUNDAY, *Defendant in Error*.

Opinion Filed March 25, 1913.

Where in an action of ejectment a jury is waived and the court finds on sustaining evidence that an agreement for the purchase of the land from the plaintiff who had the legal title, had been broken and abandoned by the defendant, a judgment for the plaintiff should be affirmed, there being no material errors of law or procedure shown by the record.

Writ of error to the Circuit Court for Escambia County.

Judgment affirmed.

*E. T. Davis,* for Plaintiff in Error;

*Reeves* & *Watson* & *Pasco,* for Defendant in Error.

WHITFIELD, J.—John Sunday brought a statutory action of ejectment against Oliver Foster to recover a described lot of land. The only plea was not guilty, which, under the statute, put in issue the title to the land. A jury being waived the cause was tried by the Circuit Judge who gave judgment for the plaintiff. The defendant took writ of error.

It appears that the land originally belonged to and was mortgaged by Foster. At the foreclosure sale the land was purchased by Sunday who agreed to let Foster purchase the land by paying what it had cost Sunday. Foster remained on the land making small payments, but finally ceased making payments and moved from the land. The place was rented to a third person for about a year, when Foster again occupied the premises. Taxes were paid by Sunday. There is a conflict as to whether Foster abandoned his agreement to repurchase the property when he moved from the land, he testifying that by agreement with Sunday the place was rented to another person, the receipts to be used towards paying the amount the land had cost Sunday. On the other hand Sunday testified that there was no agreement with Foster as to renting the place for Foster's benefit; that Foster abandoned and relinquished the agreement to repurchase, and that Foster's subsequent occupancy was as a tenant mere-

ly. Sunday's testimony is corroborated more strongly than is Foster's. The court settled the conflicts in favor of Sunday, and there is ample evidence to sustain the finding.

Assignments of error predicated upon the admission to testimony that Foster had paid rent as a tenant of the premises and that Foster had once been dispossessed as a delinquent tenant, have no basis in proper exceptions and are not argued even if merit may be found in them under the facts of this case.

The court having found on sustaining evidence that the agreement between Sunday and Foster for the repurchase of the land had been broken and abandoned by Foster, the legal title in Sunday necessarily prevailed.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.