TAMPA ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error*, v. LAVINIA CHARLES, *Defendant in Error*.

### Opinion Filed January 19, 1915.

1. A party who objects to evidence or the competency of witnesses should state *specifically* the grounds of his objections, in order to apprise the court and his adversary of the precise objection he intends to make. General objections to evidence proposed, without stating the precise ground of objections, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper and inadmissible for any purpose or under any circumstances, when a general objection thereto is sufficient.

2. In actions at law the party objecting to the introduction of evidence must not only state specifically the grounds of his objection thereto, seasonably except to the ruling of the court thereon, and base his assignment of error upon the objections as made in the court below and upon the ruling thereon, but must argue the assignment as made, in this court.

3. Where the only grounds of objection interposed to proffered evidence were that the "same was immaterial, irrelevant and not pertinent to any issue made in the pleading," such grounds of objection are properly overruled, unless the evidence so objected to is palpably prejudicial, improper and inadmissible for any purpose.

4. An appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below, the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, and only such of the grounds so made below as are argued will be considered by an appellate court.

5. Testimony is admissible on the re-direct examination of a witness which tends to qualify, limit or explain the testimony elicited on the cross-examination of such witness.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*P. O. Knight* and *C. F. Thompson,* for Plaintiff in Error;

*Zewadski & Nysewander,* for Defendant in Error.

SHACKLEFORD, J.—The Tampa Electric Company, a Corporation, brings here for review a judgment recovered against it by Lavinia Charles as damages for personal injuries, alleged to have been caused by the negligence of the defendant corporation.

Eleven errors are assigned, but only the last four are urged before us, the plaintiff in error stating in its brief that it relies upon these assignments for reversal of the

judgment. All of such assignments are based upon the admission of testimony of the plaintiff over the objections of the defendant and may conveniently be treated together. The plaintiff in her direct examination in response to the question propounded to her by her counsel, "What do you do, Lavinia?" had replied "I pay licenses and running a rooming house." Upon motion of the defendant this answer was stricken out because the same was "immaterial, irrelevant and incompetent." The plaintiff's counsel then propounded to her the question, "Whereabouts?" to which the witness answered, without objection, "833 Zack Street." The plaintiff further testified, without objection, that prior to the injury her business was "Washing and ironing—boarding two men and washing for two men" and that subsequent to the injury she had not been able to carry on such business. On cross-examination the defendant interrogated the plaintiff at some length as to her business of keeping a rooming house, washing, &c., and as to the income she derived therefrom. Among other things, it was elicited that, prior to the accident the plaintiff was occupying a house containing four rooms, two of which she rented to roomers and that she cooked for two men and also took in washing and ironing, while subsequent to the accident she had moved into another house containing ten rooms and had seven roomers but no boarders and took in no washing. On her re-direct examination, the plaintiff testified as follows: "Q. Lavinia, you say that you are keeping a rooming house now? A. Yes, sir. Q. What rent do you pay for this house each month? A. Five dollars a week; twenty dollars. Q. Are you able to keep and carry on this house yourself? A. No, sir. Q. How much do you

pay some one to take care of the house for you? A. Three dollars and a half a week.

And thereupon counsel for the defendant then and there objected to the foregoing questions and the answers thereto with reference to the rent paid for the house, and also to the questions and answers in reference to the amount paid by the plaintiff for taking care of the house, and moved the court, then and there, to strike the said testimony from the record, and from the consideration of the jury on the following grounds, to-wit: First, Because there is no allegation in the declaration of the plaintiff upon which to base such testimony, and the same is therefore immaterial, irrelevant and incompetent testimony in the case.

But the said Judge did then and there overrule the said objection of the defendant and did then and there deny the said motion and refused to strike the said testimony from the record and the consideration of the jury.

. And to which ruling and judgment of the Court the defendant by counsel did then and there except.

Q. You say you pay twenty dollars a month for your house now? . A. Yes, sir. Q. And you pay to have your house attended to, three dollars and a half per week? A. Yes, sir. Q. That is fourteen dollars a month, is it? A. Yes, sir. Q. What other expenses have you? A. Laundry bill.

And the said plaintiff further to maintain the issues herein joined on behalf of the plaintiff then and there propounded to the said witness the following question, to-wit: Q. Laundry bill for that house?

And the said witness did then and there make answer to the said question as follows, to-wit:  Ans. Yes, sir.

But to the said question so propounded to the said witness and to the answer as given there counsel for the defendant did then and there object on the following ground, to-wit:  First, Because the said question calls for and the said answer is immaterial, irrelevant and incompetent testimony.

And the said judge did then and there sustain the said objection and struck the said question and answer from the record and the consideration of the jury, and to which ruling and judgment of the court the said plaintiff did then and there object and except.  Q. Lavinia, are you able to do any work in your house now?  A.. No, sir. Q. Were you prior to this accident?  A. Sir.  Q. Were you able to do any work prior to this accident?  A. No, sir. Q. Before the accident were you able to do your work?  A. Yes, sir; before the accident I done all my work then."

Upon the admission of this testimony the four assignments insisted upon are predicated.  We are of the opinion that they have not been sustained.  In Hoodless v. Jernigan, 46 Fla., 213, 35 South. Rep. 656, we held as follows:  A party who objects to evidence or the competency of witnesses should state *specifically* the grounds of his objections, in order to apprise the court and his adversary of the precise objection he intends to make. General objections to evidence proposed, without stating the precise ground of objections, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper and inadmissible for any purpose or under any circumstances, when the general objection thereto is sufficient.

This court can not consider any objections to the admissibility of evidence, except such objections as were made in the court below, the plaintiff in error being confined to the specific objections made in the trial court.

In actions at law the party objecting to the introduction of evidence must not only state specifically the grounds of his objections thereto, seasonably except to the ruling of the court thereon, and base his assignment of error upon the objections as made in the court below and upon the ruling thereon, but must argue the assignment as made, in this court.

We have followed this holding in a number of subsequent cases. See Brown v. Bowie, 58 Fla. 199, 50 South. Rep. 637, wherein we held as follows: Where the only grounds of objection interposed to proffered evidence were that the "same was immaterial, irrelevant and not pertinent to any issue made in the pleading," such grounds of objection are properly overruled, unless the evidence so objected to is palpably prejudicial, improper and inadmissible for any purpose.

In view of what the defendant elicited from the witness on the cross-examination, we cannot declare that the testimony brought out on the re-direct examination of the witness was "immaterial, irrelevant and incompetent testimony," therefore no error has been made to appear in the rulings of the trial court upon which these assignments are based. Conceding the correctness of the contention that the allegations in the declaration would not warrant the recovery of money paid out by the plaintiff for house rent or for a servant as elements of damage, that of itself would not sustain these assignments.

The testimony brought out on the re-direct examination of the plaintiff undoubtedly tends to qualify, limit and explain the testimony elicited by the defendant on the cross-examination of the witness and was admissible for that purpose. See Starke v. State, 49 Fla. 41, 37 South. Rep. 850. We do not think that there is any merit in the further contention of the plaintiff in error that the plaintiff was not entitled to recover any damages for the reason that the declaration alleges that the injuries sustained by the defendant in error were of a permanent nature and the proofs adduced fail to show or establish such permanency. No extended discussion of this point is necessary. It follows that the judgment must be affirmed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.