W. H. McRAINEY AND J. N. BRADSHAW, *Plaintiffs in Error,*
v. E. C. LANGSTON, *Defendant in Error.*

Opinion Filed November 18, 1926.

1. Alleged errors predicated upon rulings of the court below,
which were not excepted to, will not be considered by this
court.

2. Where, in an action brought by plaintiff to recover amount
due for the construction of roads, the defendants plead a
failure of the plaintiff to construct the roads according to
an alleged contract, and that, because of said breach of con-
tract, defendants were compelled to employ another to put
the roads in the condition they were required to be placed
under the contract, but do not ask recoupment for amounts
paid such third party, nor plead a set-off therefor, it was
not error for the court to refuse to admit testimony as to
the amount paid for the completion of said work.

3. In an action to recover the balance due for the construction
of certain roads, the plaintiff alleged that he was engaged
to construct the roads "according to the plans of the defend-
ants therefor," and there was evidence tending to show that
the defects in the construction, complained of by the de-
fendants, were due to defects in defendants' plans, it was not
error for the court, at the request of the plaintiff, to instruct
the jury as follows: "You are further instructed that where
a builder performs his work strictly in conformance with
plans and specifications, he is not liable for defects in the
work due to such plans and specifications, and he may re-
cover in such case where the contract is performed."

4. The trial judge, in response to the following question, asked
by one of the jurors, to-wit: "Do we have to bring in a ver-
dict for the total or nothing, or can we compromise?" used
the following language: "You probably became confused. I
finally stated to you that you could find a verdict for what-
ever you found from the testimony was due the plaintiff, if

you find for the plaintiff. The contract was not in writing. The contract may have been complied with or may not have been, and if you find that you are not sure what the contract was, then you can find what you think was reasonable compensation for the plaintiff under the testimony. You may retire, gentlemen."

*Held*: That these remarks by the judge were not susceptible to the objection that they were equivalent to an affirmative instruction to find for the plaintiff.

5. In considering an assignment of error questioning the action of the trial judge in giving an instruction, the charge of the court as a whole must be examined; and if, from the entire charge, there appears no harmful error in the giving of the particular instruction objected to, such assignment of error must fail.

A Writ of Error to the Circuit Court for Orange County; C. O. Andrews, Judge.

Affirmed.

*Chas. P. Dickinson*, for Plaintiffs in Error;

*Durrance & Lemire*, for Defendant in Error.

CAMPBELL, C. J.—This case is before us on writ of error from a judgment rendered for the plaintiff in the court below, in a suit wherein E. C. Langston was plaintiff and W. H. Rainey and J. N. Bradshaw were defendants.

The suit was brought to recover a balance which the plaintiff alleged was due him from the defendants for the construction of certain roads through a sub-division in Orange County, Florida, more particularly described in the pleadings.

The declaration sets forth the cause of action in five counts, the first four being the common counts, and the

fifth count declaring upon an alleged contract between the plaintiff and the defendants for the construction of the roads. It is alleged in this fifth count that the defendants, being the owners of the property described, "engaged the plaintiff to construct roads in and through said lands ac-cording to the plans of the defendants therefor, and agreed to pay the plaintiff the sum of eighty-five cents (85c) per square yard for the roads so constructed in and through said lands by him, and plaintiffs, in accordance with the terms of his said employment, constructed 17,053 square yards of roads in and through said lands, and the defendants became indebted to the plaintiff therefor in the sum of $14,495.05, and paid the plaintiff upon said indebtedness the sum of $11,400; that said work of constructing said roads was completed on to-wit, the 11th day of February, 1922, and defendants were indebted to plaintiff on said 11th day of February, 1922, in the sum of $3095.05 for the balance due for said work and still are indebted to plaintiff in said sum, which they have refused and still do refuse to pay. Wherefore, plaintiff brings this suit and claims said sum of $3095.05, with interest thereon at the legal rate from February 11th, 1922, until paid."

The defendants filed three pleas to the declaration, the first two being pleas of the general issue. The third plea undertakes to set forth the contract entered into with the plaintiff, and the failure of the plaintiff to construct the roads in compliance with the contract, in the following language:

"And for a third plea to each count except 6th these defendants say that they entered into certain contractional agreements with the plaintiff to construct certain hard-surfaced roads through the property described in the fifth count of said second amended declaration, said plaintiff

furnishing all the materials and labor for same and to do the work in a good, first-class, workmanlike manner, and to use first-class materials, constructing the base 6 inches in thickness and that same was to be levelled, rolled and packed and dressed off to a smooth surface for which these defendants agree to pay said plaintiff the sum of eighty-five cents per square yard for said work and materials; but these defendants aver that said plaintiff did not construct said roads in a good workmanlike manner, or furnish first-class materials, nor rolled and packed said roads and scarifield same and levelled same to a smooth surface, but avers the truth to be that the said plaintiff used an inferior grade of materials and left the roads in such uneven and loose condition and performed said agreement in such unworkmanlike manner that these defendants were required to expend and pay out an additional sum of more $5000.00 to place said roads in the condition that plaintiff under his agreement should have placed them.''

Issue was joined on these pleas, and a trial of the issue resulted in a verdict for the plaintiff in the sum of $2748.54, with interest.

The plaintiffs in error have filed several assignments of error. The first three purported assignments of error cannot be considered as such; they fail to set forth any ruling of the court objected to, and are merely recitals of grounds set forth in the motion for new trial. In fact, the questions intended to be raised by these three assignments may properly be considered under the fourth assignment of error. The eighth assignment has been abandoned by the plaintiffs in error.

We shall proceed to examine the remaining assignments of error in the same order in which counsel for plaintiffs in error has considered them in his brief. Therefore, we will consider at this time the fifth assignment of error,

which is as follows: ''The Court erred in permitting the witness Louie Protham to answer the following question: 'Louie, was there any question raised during the performance of this work as to the failure to perform and to do the work according to agreement?' ''

An examination of the bill of exceptions incorporated in the transcript of record discloses that the defendants failed to except to the ruling of the court below in permitting the witness to answer this question. This court has on numerous occasions held that error cannot be predicated upon matter which does not appear in the bill of exceptions to have been excepted to. Daley v. State, 67 Fla. 1, 64 South. Rep. 358; Tampa Electric Co. v. Charles, 69 Fla. 27, 67 South. Rep. 572; Gadsden v. State, 77 Fla. 627, 82 South. Rep. 50. The fifth assignment of error having, then, no basis in proper exceptions, must fall. Foster v. Sunday, 65 Fla. 329, 61 South. Rep. 625.

We find that the sixth assignment of error fails for the same reason as the fifth, there being no exception taken by defendants in the court below to the ruling sought to be reviewed by said assignment of error.

The seventh assignment of error is as follows: ''The court erred in refusing to permit James H. Hirsch to testify as to the amount of money expended by McRainey and Bradshaw on the work by the Finley Method people, in answer to the following question, after witness had testified that he had ascertained the amount from the records. ''What it is?''

There was no error in this ruling. The record shows that, according to the contention of plaintiff, after the roads had been constructed and he had granted the defendants a sixty or ninety days' extension of time for the payment of the balance due, the defendants claimed that the roads had not been built according to the con-

tract, and upon failure of the parties to agree on an amount that would make the roads complete, or repair the same, defendants procured the services of Finley Method Company to put the roads in shape, as they contend.

It appears from the pleadings and the testimony that the plaintiff was to put on six inches of loose rock and water bind it, roll it to four inches, and shape it up to a smooth surface. It further appears that the testimony in this case, including that of the witness Hirsch, had shown that holes or dust pockets had been found in the roads, and that in many places the rock had been washed away. There was no evidence that plaintiff's contract or agreement with defendants called for any kind of surfacing for the roads, except to water bind the loose rock, and scarify it, and roll it to a smooth surface.

When the question was propounded to the witness Hirsch, asking the amount paid the Finley Method Company, plaintiff's attorney objected, "because it has no bearing on whether or not it was work necessary to do to put this part of the road in shape, or what it had to do with the road building." The court then asked the witness, "What did the Finley Method people do to it?" The witness replied, "The Finley Method people patched up the holes where they were washed, leveled the road and scarified it and rolled it and put a top dressing of crude oil and Birmingham slag on it." The witness further testified, in answer to another question by the court, that Mr. Langston, the plaintiff, had not agreed to put on the Birmingham slag and crude oil. The court then sustained the objection.

The question propounded solicited evidence touching the amount of money paid for work which was not embraced in the plaintiff's contract. Then, too, the evidence sought was immaterial. There was no claim of set-off or

recoupment. Counsel for defendants stated, in the course of the trial, during the discussion of the admissibility of the testimony sought by the question to Hirsch, "We are not setting it up in a plea of set-off. We are pleading that he breached the contract, and the law is that if one party breaches a contract the other party is released from the contract. We are simply pleading that he didn't do it, and incidentally we are trying to show that it cost us more than it would have. The statute gives a form of plea of set-off and we are not claiming any set-off". There were other objections also that might very properly have been made to the question.

The court below, at the request of the plaintiff, charged the jury as follows: "You are further instructed that where a builder performs his work strictly in conformance with plans and specifications, he is not liable for defects in the work due to such plans and specifications, and he may recover in such case where the contract is performed." The giving of this instruction forms the basis for the ninth assignment of error.

The counsel for plaintiffs in error in his brief contends that the court erred in giving this instruction, because there was no evidence as to plans and specifications being submitted to the road builder to guide him in building the roads, and therefore, the charge was not applicable to the case and was misleading.

The plaintiff alleged in his declaration that he was engaged to construct the roads "according to the plans of the defendants therefor." It was not denied in the pleas that these roads were to be constructed according to the alleged plans.

There was evidence before the jury that the condition of the roads, complained of by defendants, was due to the heavy rains washing away parts of them because of the

lack of proper drainage. Plaintiff testified that he found the trouble with the roads to be "just excess of rains and washouts caused by insufficient grading. There was no side ditches to take care of flood waters and no culverts." He further testified that under his contract he was to do no grading, nor was he to do any surfacing "like putting oil on it."

The plaintiff's witness, Pete Johnson, the man who had the contract with the defendants to do the grading on these roads, testified, in response to a question propounded by defendants' counsel, that he told one of the defendants that the rock on a certain fill would never stay there. Upon re-direct examination he testified that he meant by this that "right there on that grade he couldn't make it stay there, it would wash out." And further testified that it was on account of the grade being so steep that the rock would wash away in heavy rains.

The photographs offered in evidence showed no drainage facilities, and they also showed that considerable of the damage had been done from the materials used in the roads washing away.

We think there was ample evidence before the court to warrant the instruction complained of in the ninth assignment of error. It correctly stated a proposition of law that was applicable to certain contentions of the plaintiff which he sought to establish by the proof.

The tenth assignment of error is, "the court erred in using the following language to the jury, when the jury returned into court for further instructions: 'You probably became confused. I finally stated to you that you could find a verdict for whatever you found from the testimony was due the plaintiff, if you find for the plaintiff. The contract was not in writing. The contract may have been complied with or may not have been, and if you find

that you are not sure what the contract was, then you can find what you think was reasonable compensation for the plaintiff under the testimony. You may retire, gentlemen.' ''

These remarks, or instructions was given by the Court when the jury returned into court, after deliberating for a time, and one of the jurors, addressing the Court, asked, ''Do we have to bring in a verdict for the total or nothing, or can we compromise?''

It is the contention of counsel for plaintiffs in error that these remarks of the Court were equivalent to an affirmative instruction to the jury to find for the plaintiff. This contention is untenable. The instruction objected to clearly left the matter of determining for which party they would find, with the jury, in these words: ''I finally stated to you that you could find a verdict for whatever you found from the testimony was due the plaintiff, *if you find for the plaintiff.*'' (Italics ours.) Although the court had, in its general charge, already instructed the jury that it was for them to determine, from all the testimony, whether or not there was a special agreement between the plaintiff and defendants' concerning the matter involved in this suit, and if so, the terms of such agreement, and whether or not the same was performed in accordance with the terms thereof, the court again, in the instruction objected to, in substance, told them it was for them to determine whether there was a contract, and if so whether it was complied with.

We have repeatedly held that, in considering an assignment of error questioning an instruction given or refused by the court, the charge as a whole must be examined; and if, from the entire charge, there appears no harmful error in the particular instruction objected to, such assignment

of error will fall.   Burnett v. Soule, 78 Fla. 507, 83 South. Rep. 461; Key v. Moore, 78 Fla. 205, 82 South. Rep. 810.

We fail to find any reversible error in the giving of the instruction complained of in the tenth assignment of error.

The fourth assignment of error complains of the court's ruling in denying defendant's motion for new trial.

Under this assignment we have only to determine the sufficiency of the evidence to sustain the verdict.   While the certificate of the trial judge states that the bill of exceptions in this case contains all the evidence, yet the bill of exceptions on its face shows that there are not incorporated therein certain letters and receipts that were offered and read in evidence at the trial.   We will, however, pass upon the case here as if the bill of exceptions certified to by the trial judge contains all the testimony.

We think the evidence amply sustains the verdict of the jury.   The full amount claimed by the plaintiff, and which was proved by evidence, was $3,731.54, including the amount for extra work claimed under the common counts. The plaintiff testified that after the defendants became dissatisfied, he agreed to make the necessary repairs for $983.00.   The verdict of the jury was for the exact amount of the plaintiff's claim, as shown by testimony, less the sum that he agreed would be required to make the repairs.   We think the verdict of the jury was fully warranted by the evidence.

The judgment of the court below is affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.

TERRELL, J., not participating.