COBB, Judge.
Bolden was charged with and convicted of battery on a law enforcement officer. The state introduced evidence at trial, over defense objection, that he battered another officer a year before. The purpose of the evidence obviously was to show propensity, contrary to the provisions of section 90.-404(2)(a), Florida Statutes (1987) and Williams v. State, 110 So.2d 654 (Fla.1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
The trial court stated that the. testimony was admitted to establish identity or the absence of mistake or accident. These were not material issues at trial. On appeal, the state argues that the testimony was admissible to show a “pattern of conduct” by Bolden. That is exactly why the evidence was inadmissible. Reversal is required pursuant to Straight v. State, 397 So.2d 903, 908 (Fla.1981), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981).
REVERSED AND REMANDED FOR NEW TRIAL.
DANIEL and GOSHORN, JJ., concur.