ON MOTION FOB REHEARING AND REHEARING EN BANC

FARMER, Judge.
Because of a drafting error, we vacate our earlier opinion and replace it with the following. Upon so doing, we deny rehearing and rehearing en banc.
The admission of collateral crimes evidence in this case requires a reversal of defendant’s conviction for capital sexual battery. The scene of the crime was an open-air hotel swimming pool with numerous people present. Defendant was in the pool with several children, throwing them into the air, when the incident occurred. He testified that the last time he threw the victim into the air, he pushed her swimsuit aside and fondled her with his hand. He described the act as “spontaneous and impulsive.” He also testified that it was no accident, but that “it was a very quick thing.” He denied that he ever penetrated her vagina, adding “there was no intent to penetrate her, or there was no jabbing motion or poking motion involved in it.” He estimated that it was over in 5 seconds. Although defendant’s account is not otherwise inconsistent with the state’s evidence, the child’s mother and an investigating officer testified to statements from the child victim on the day of the incident tending to show penetration. Hence, penetration was an issue at trial.
In its ease in chief, the state adduced the testimony of another child, C.H., to the effect that she had also been molested by the defendant, an incident that was not part of the charges being tried. She said that she lived near defendant and often visited his apartment to play video games. She intimated that when she and defendant were alone, he would partially undress her and touch her crotch with his finger. The state argued to the trial judge, and again does so on appeal, that this testimony was admissible under section 90.404(2)(a), Florida Statutes (1993), to prove that defendant’s touching was done in “the absence of mistake or accident,” i.e. that he intended to do the act. The state also contends that the collateral crime evidence was admissible because defendant claimed that any penetration was accidental, and that he did not plan or intend to penetrate.
We note that C.H. never testified at trial as to any facts indicating that she was penetrated; nor indeed was she even asked the question. We also note that defendant admitted before and during trial to the act of fondling the victim in the area of the crotch. The collateral crimes testimony of C.H. to the effect that he played with her vagina without penetration might have been relevant if defendant had denied fondling the *1310 victim without penetration in the case being tried, but he did not do so. As regards the contention that the collateral crimes evidence was relevant to prove intent and the absence of accident, then, C.H.’s testimony tended to prove only a fact not in issue.
Section 90.404(2)(a) provides:
“Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.” [e.s.]
Thus the statutory basis for the admission of collateral crimes evidence[1] requires that such evidence relate to a disputed fact actually in issue. The text thus implies that it is not enough that the evidence relates to an element of the crime charged as to which there is no real dispute.
We agree with this construction placed on the statute by Judge Zehmer where he wrote:
“A critical aspect of the test of admissibility under section 90.404(2)(a) is not only whether the charged and collateral offenses are ‘strikingly similar’ and ‘share some unique characteristics which sets them apart from other offenses,’ but also whether such evidence tends to prove a material fact issue that is in dispute. If there is no bona fide dispute over a material fact that the similar fact evidence is offered to prove, then the probative value of such evidence necessarily has significantly less importance than its prejudicial effect, and the evidence should be excluded under section 90.403.” [e.s.]
Thomas v. State, 599 So.2d 158, 162 (Fla. 1st DCA), rev. denied, 604 So.2d 488 (Fla.1992). Later in that opinion, he added:
“Whether a relevant material fact is in issue is not necessarily established by the defendant’s plea of not guilty (which denies each essential element of the charged offense), but must be determined from the particular facts and circumstances involved in each case, i.e., has the defendant put such fact in issue. This construction and application of section 90.404(2)(a) brings it into complete harmony with the purpose of sections 90.401 and 90.403.”
599 So.2d at 163. After examining the particular facts and circumstances of this case, we conclude that the collateral crimes evidence was not relevant because the fact of intent to touch the victim, or absence of accident, was not actually in dispute.
We turn next to the state’s contention that the collateral crimes evidence was admissible because it was relevant to the issue of penetration, an issue actually in dispute. The information charged sexual battery “by penetrating the vagina :!: ⅜ As we noted, defendant denied penetration. As we have previously shown, however, C.H. did not testify as to any penetration in her testimony about the collateral crime. The state does not explain how one experience of fondling without actual penetration would tend to prove[2] that on this occasion fondling included penetration. As the supreme court explained in Heuring v. State, 513 So.2d 122 (Fla.1987):
“Similar fact evidence that the defendant committed a collateral offense is inherently prejudicial. Introduction of such evidence creates the risk that a conviction will be based on the defendant’s bad character or propensity to commit crimes, rather than on proof that he committed the charged offense. Keen v. State, 504 So.2d 396 (Fla.1987); Straight v. State, 397 So.2d 903 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). Such evidence is, therefore, inadmissible if solely relevant to bad character or propensity to *1311 commit the crime. Peek v. State, 488 So.2d 52 (Fla.1986); Coler v. State, 418 So.2d 238 (Fla.1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983); Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). To minimize the risk of a wrongful conviction, the similar fact evidence must meet a strict standard of relevance.”
513 So.2d at 124. We apply that strict standard of relevancy.
Fondling without penetration is a different crime than the capital sexual battery charge for which defendant was charged. In effect, the state seeks to prove that defendant committed crime X by showing that on another, occasion he committed crime Y. We do not read section 90.404(2)(a) necessarily to foreclose the use of collateral crimes to prove a disputed issue relating to a different crime than the collateral crime. We do believe, however, that judges and juries should not have to grope for an explanation as to how the different collateral crime tends to prove the crime charged.
A strict test of relevancy means to us that the different collateral crime should reasonably and obviously tend to make the disputed fact in issue more likely true. The testimony of C.H. showed only fondling but no penetration. There is nothing in the testimony, no additional facts, suggesting that the fondling was merely a prelude to penetration. It does not reasonably and obviously tend to make it appear more likely that defendant actually penetrated the victim of the crime charged, the only issue to which the collateral crime evidence would be relevant. Hence, we are unable to conclude that there is anything about the collateral crimes testimony here reasonably tending to show penetration.
At the same time, we also find this testimony inadmissible for lack of sufficient similarity to the crime charged and the absence of uniqueness. The offense on trial occurred in a hotel swimming pool in front of numerous people. The collateral incident occurred in the privacy of the house with only defendant and C.H. present. There was nothing striking about the collateral incident, nothing about it that could plausibly be described as unique or as a signature crime. We compare the dissimilarities and the lack of singularity of the collateral crime used in this case with those in Feller v. State, 637 So.2d 911 (Fla.1994), where the court explained:
“the charged and collateral offenses must ‘share some unique characteristic or combination of characteristics which sets them apart from other offenses.’ [c.o.] In the instant case, the two offenses have only two things in common: both are the same type of offense and both involved young girls. The charged offense involved allegations of several incidents of penial and digital penetration of the vagina while the child was unclothed inside the family dwelling; the collateral offense involved a single episode of touching on the outside of the child’s clothing while she sat on the defendant’s knee as they were fishing. As this Court explained in Peek v. State, 488 So.2d 52, 55 (Fla.1986), ‘[cjollateral crimes evidence ... is not relevant and admissible merely because it involves the same type of offense.’ Although sexual battery on an underage child is a reprehensible offense, it is not so unique in itself that it should be uniformly admissible under section 90.404(2), Florida Statutes (1989). Nor does Heuring stand for the proposition that any evidence of sexual abuse of a child is per se admissible. In fact, in Heuring itself this Court concluded that the trial court properly excluded direct evidence of the defendant’s sexual activity with five other children because ‘they were not sufficiently similar to the charged offenses.’ 513 So.2d at 125.”
637 So.2d at 916. As in Feller, the only characteristics the two crimes share in this case is that they both involve sexual offenses and they both involve young girls. That is not enough to satisfy Heuring and Feller.
REVERSED FOR NEW TRIAL.
WARNER and KLEIN, JJ., concur.

. We use the term “collateral crimes evidence” to refer to evidence sought to be admitted under section 90.404(2)(a).

. See § 90.401, Fla.Stat. (1993) (“Relevant evidence is evidence tending to prove or disprove a material fact.”).