WETHERELL, J.
Johnnie J. Jackson appeals the judgment and sentence imposed after he was found guilty of burglary of a dwelling and battery. Jackson argues that the trial court erred in admitting evidence of two previous incidents involving the victim in this case. We agree. Accordingly, we reverse Jackson’s judgment and sentence and remand for a new trial.

Factual and Procedural Background

Doris Woodard, Jackson’s ex-girlfriend, claimed that, on March 29, 2011, Jackson broke into her apartment and attacked her with a knife. Jackson was arrested and charged with burglary of a dwelling with assault or battery (Count I) and aggravated battery with a deadly weapon (Count II). He was also charged with aggravated stalking (Count III) for acts occurring between October 1, 2009, and March 29, 2011. All three counts were tried together.
Prior to trial, the State filed notice of its intent to introduce collateral-crime, or ‘Williams[1] rule,” evidence to prove Jackson’s intent to commit the charged crimes. Jackson filed a motion in opposition to the notice and renewed his objection to the evidence at the outset of the trial. The trial court overruled the objection and allowed the State to introduce the evidence, after giving the following limiting instruction:
Ladies and gentlemen, the evidence you’re about to receive concerns evidence of other crimes, wrongs or acts allegedly committed by the defendant and that can be considered by you for the limited purpose of' proving intent on the part of the defendant and you shall consider it only as it relates to that *1070 issue. The defendant is not on trial for a crime, wrong or act that is not included in the Information.
And to explain that a little bit more is the three charges in the Information relate to a particular date and time. You’re going to hear some testimony about an incident or two from another date or time. Mr. Jackson is not charged with a crime having occurred on that date. That information is coming to you only for the limited purpose of proving the intent on the part of the defendant as it relates to the case he’s on trial for. If you understand that, hopefully[2]
Additionally, the final instructions to the jury stated:
The evidence which has been admitted to show other crimes, wrongs or acts allegedly committed by the defendant we talked about before, that would be the earlier incidents, should be considered by you only as evidence as it relates to proof of intent on the part of the defendant. Those are not separate crimes to have him be found either guilty or not guilty of.
[[Image here]]
Keep in mind that a separate crime is charged in each count of the Information and while they’ve been tried together, each crime and the evidence applicable to it must be considered separately by you ....
The Williams rule evidence presented by the State consisted of testimony about two prior incidents in which Jackson allegedly attacked Woodard. The first incident occurred on June 1, 2010, when according to Woodard and another witness, Jackson drug Woodard from a car, choked her, and threatened to kill her. The second incident occurred on November 16, 2010, when according to Woodard, she invited Jackson into her apartment where he pushed her, punched her, and hit her over the head with a stereo speaker. In addition to the testimony of Woodard and the witness to the June event, the Williams rule evidence included testimony from the police detective who investigated the prior incidents as well as photographs of Woodard’s injuries from those incidents taken by the detective.
The jury found Jackson guilty as charged on Count I, guilty of the lesser-included offense of battery on Count II, and not guilty on Count III. The trial court sentenced Jackson to 20 years on Count I and 365 days for battery, to be served concurrently. Jackson was granted a belated appeal. Jackson v. State, 112 So.3d 146 (Fla. 1st DCA 2013).

Analysis

We review the trial court’s admission of the Williams rule evidence for an abuse of discretion. See LaMarca v. State, 785 So.2d 1209, 1212 (Fla.2001).
“[C]ollateral-crime evidence ... is admissible to prove a material fact in *1071 issue, but is inadmissible when the evidence is relevant solely to prove bad character or propensity.” Wright v. State, 19 So.3d 277, 291-92 (Fla.2009) (emphasis in original) (citing section 90.404(2)(a), Florida Statutes). A material fact is not at issue simply because it relates to an element of the charged crimes and the defendant has pled not guilty. See Thomas v. State, 599 So.2d 158, 163 (Fla. 1st DCA 1992) (“Whether a relevant material fact is in issue is not necessarily established by the defendant’s plea of not guilty (which denies each essential element of the charged offense), but must be determined from the particular facts and circumstances involved in each case, i.e., has the defendant put such fact in issue.”). If there is not a genuine dispute over a material fact that the Williams rule evidence is offered to prove, “then the probative value of such evidence necessarily has significantly less importance than its prejudicial effect, and the evidence should be excluded under section 90.403.” Id. at 162; see also Charles W. Ehrhardt, Florida Evidence § 404.9, at 245 (2011 edition) (noting that “[t]he defense’s failure to vigorously dispute the fact the Williams rule evidence is offered to prove may well be determinative in the trial court’s balancing decision”).
Here, although intent is an element of the crimes for which Jackson was found guilty,[3] intent was not a material issue in dispute in this case. Jackson pled not guilty and, at trial, his defense was that he was not involved in the March 2011 incident. He did not, for example, claim self-defense, accident, or mistake with respect to the alleged battery, nor did he claim that he was invited into Woodard’s apartment or that, at the time of entry, he did not intend to commit an offense therein; rather, he simply claimed that he was not at Woodard’s apartment on the night of the incident and his counsel argued that Woodard’s allegations about the incident were not credible. Cf. Miller v. State, 667 So.2d 325, 328 (Fla. 1st DCA 1995) (“[Williams rule] evidence may be admissible to disprove a defendant’s theory of defense or to disprove a defendant’s attempt to explain [his or her] intent.”). Accordingly, because intent was not a material issue in dispute, the trial court erred in allowing the State to introduce the Williams rule evidence to prove Jackson’s intent to commit the charged crimes. See Pratt v. State, 1 So.3d 1169, 1170-71 (Fla. 4th DCA 2009) (reversing admission of collateral-crime evidence that defendant beat his wife three times in the 18 months preceding the charged crime to show motive or intent because the defendant denied committing the charged crime and “[n]either party did anything to make motive or intent significant to any contested fact”); Roberts v. State, 662 So.2d 1308, 1310 (Fla. 4th DCA 1995) (reversing admission of collateral-crime evidence offered to show intent and absence of mistake because those issues “[were] not actually in dispute”); Jordan v. State, 171 So.2d 418, 422 (Fla. 1st DCA 1965) (reversing admission of testimony concerning defendants’ prior criminal offenses as evidence of their intent to commit the present offense because the prior offenses “had no relevant bearing upon the issue being tried”).
Even if intent was a material issue in dispute simply by virtue of Jackson’s not guilty plea, the probative value of the Williams rule evidence to prove that fact *1072 in this case is substantially outweighed by its prejudicial effect, particularly as to the burglary charge because the prior incidents are simply not probative of the intent required for burglary. Cf. United States v. San Martin, 505 F.2d 918, 923 (5th Cir.1974) (explaining that “evidence of prior crimes involving intent of the moment are hardly ever probative of later acts involving similarly split-second intent” and that “such prior crimes have less to do with the specific intent that may arise later ... than they do with the defendant’s overall disposition or character”). Indeed, it is noteworthy that the prosecutor did not argue at trial that Jackson’s intent to commit the burglary was shown by his prior violent interactions with Woodard; rather, she argued consistent with section 810.07(1), Florida Statutes,[4] that the requisite intent — “the intent to commit an act therein” — was shown by the time and manner in which Jackson allegedly entered the apartment: at night by prying open the back door with a crowbar.
Moreover, as to the battery charge, the probative value of the prior incidents seems to be premised on the logic that because Jackson attacked Woodard in the past, he had the requisite intent to commit the March 2011 battery alleged in the information. This, however, is precisely the type of reasoning against which the Williams rule is intended to protect. See § 90.404(2)(a), Fla. Stat. (“Similar fact evidence of other crimes, wrongs, or acts ... is inadmissible when the evidence is relevant solely to prove ... propensity.”); San Martin, 505 F.2d at 923 (explaining that “if there is one clear category that is not an exception to the general rule against allowing evidence of prior acts, it is that which includes character, disposition, and reputation”) (internal quotations omitted); Harden v. State, 87 So.3d 1243, 1246-47 (Fla. 4th DCA 2012) (holding that evidence of prior incident of domestic violence against victim offered to show motive and intent was inadmissible because motive and intent were not at issue and “the earlier incident of domestic violence did nothing more than demonstrate appellant’s propensity for violence against his girlfriend”); Bolden v. State, 543 So.2d 423, 423 (Fla. 5th DCA 1989) (reversing admission of collateral-crime evidence offered to show a “pattern of conduct” by the defendant because its purpose was to show propensity).
The State contends that even if we conclude that the trial court erred in admitting the Williams rule evidence to prove intent, we should affirm Jackson’s judgment and sentence because the evidence was also admissible (1) to prove the disputed issue of identity and (2) as substantive evidence of the stalking charge. We reject these “tipsy coachman” arguments.
With respect to the first argument, the Florida Supreme Court explained that “in cases where the purported relevance of the collateral crime evidence is the identity of the defendant, we have required ‘identifiable points of similarity’ between the collateral act and charged crime that ‘have some special character or be so unusual as to point to the defendant.’ ” McLean v. State, 934 So.2d 1248, 1255 (Fla.2006) (quoting Drake v. State, 400 So.2d 1217, 1219 (Fla.1981)); see also Washington v. State, 737 So.2d 1208, 1224 (Fla. 1st DCA 1999) (explaining that for collateral crimes to be admissible to show identity, there must be “ ‘startling similarities,’ such as a *1073 unique ‘signature,’ ‘hallmark,’ or ‘fingerprint’ modus operandi, or a common plan or scheme” between the prior bad acts and the charged crimes) (quoting Chandler v. State, 702 So.2d 186, 192 (Fla.1997)). Here, the collateral crimes allegedly committed by Jackson are not substantially similar to the charged crimes because, unlike the charged crimes, neither of the prior incidents involved a perpetrator breaking into an apartment or using a knife. Accordingly, the trial court could not have admitted the Williams rule evidence for purposes of establishing identity.
With respect to the second argument, although the State is correct that the Williams rule evidence was admissible as substantive evidence of the stalking charge (for which Jackson was acquitted), that has no bearing on the issue on appeal: whether the evidence was admissible to establish Jackson’s intent to commit the offenses of burglary of a dwelling and battery (for which he was convicted). Jackson is not challenging the fact that the Williams rule evidence was admitted; he is only challenging the fact that the jury was allowed to consider that evidence in connection with the offenses for which he was convicted. Thus, even though the Williams rule evidence was admissible to prove the stalking charge, the trial court erred when, it instructed the jury that it could consider the evidence for purposes of determining Jackson’s intent to commit the other offenses charged in the information.[5]
The State also argues that any error in the admission of the Williams rule evidence was harmless. We disagree.
It is well-settled that the erroneous admission of collateral crimes evidence is presumptively harmful and may be found harmless only if the State establishes that there is no reasonable possibility that the error contributed to the verdict. See McDuffie v. State, 970 So.2d 312, 328 (Fla.2007); Robertson v. State, 829 So.2d 901, 913-14 (Fla.2002); Pratt, 1 So.3d at 1171 (citing cases). Here, there were no fingerprints or DNA found on the knife allegedly used in the attack on Woodard or on the crowbar allegedly used to gain entry into her apartment; the only direct evidence to support the burglary and battery charges was Woodard’s testimony that Jackson was the perpetrator; and a significant portion of the trial was devoted to testimony and evidence concerning the prior incidents. Under these circumstances, we are unable to conclude beyond a reasonable doubt that the erroneous admission of the Williams rule evidence did not contribute to the verdict. See Jones v. State, 754 So.2d 792, 793 (Fla. 1st DCA 2000).

Conclusion

For the reasons stated above, we reverse Jackson’s judgment and sentence and remand for a new trial.
REVERSED and REMANDED for a new trial.
BENTON and MARSTILLER, JJ., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).

. The first paragraph of this instruction tracks Standard Criminal Jury Instruction 2.4, but the second paragraph appears to have been crafted by the trial court on its own. Neither party objected to this instruction even though the second paragraph contains several factual inaccuracies. For example, the first sentence states that “the three charges in the Information relate to a particular date and time,” but that is correct only for Counts I and II because the stalking charge (Count III) was alleged to have occurred over a period of approximately 18 months. Also, the second and third sentences state that the jury is going to hear testimony about incidents occurring on other dates and times and that Jackson "is not charged with a crime having occurred on [those] date[s],” but Jackson had indeed been charged with a crime — stalking—based on the two incidents about which the jury was going to hear testimony.

. Burglary of a dwelling requires proof that the defendant entered or remained in a dwelling "with the intent to commit an offense therein.” § 810.02(l)(b)l., Fla. Stat. (2010). Battery requires proof that the defendant “intentionally” touched the victim. § 784.03(l)(a), Fla. Stat. (2010).

. The statute provides: “In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof is prima facie evidence of entering with the intent to commit an offense.” § 810.07(1), Fla. Stat. (2010).

. We express no view as to whether it would have been practicable to give such an instruction or whether severance of the charges would have been required under these circumstances. See Fla. R. Crim. P. 3.152(a)(2) (authorizing the trial court, upon motion of either party, to sever charges in an information when necessary “to promote a fair determination of the defendant’s guilt or innocence of each offense”). No motion to sever was filed in the trial court, and this issue will not arise upon remand because Jackson was acquitted of the stalking charge.