IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN D. SMITH, JR.,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3127

_____/

Opinion filed July 1, 2015.

An appeal from the Circuit Court for Clay County.
Don H. Lester, Judge.

John D. Smith, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant, John D. Smith, Jr., appeals the trial court's denial of his motion for post-conviction relief alleging ineffective assistance of trial counsel during a trial in 2009, where he was convicted of three counts of burglary. We reverse and remand on Appellant's fifth claim, because the post-conviction order and attached records

do not address or conclusively refute Appellant's claim. We otherwise affirm the post-conviction order denying Appellant's remaining claims without comment.

Discussion

In his fifth claim for post-conviction relief, Appellant asserted that trial counsel was ineffective for failing to object or obtain rulings on the admissibility of certain Williams[1] rule evidence of prior bad acts, based on testimony offered by an investigating officer and his probation officer. "When a motion for post-conviction relief under [rule 3.850] is granted or denied without an evidentiary hearing, . . . unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R. App. P. 9.141(b)(2)(A) & (D).

In this case, we cannot determine from the record attachments whether the record conclusively refutes Appellant's contention that trial counsel was ineffective for failing to object to testimony from two specific witnesses. First, an investigating officer testified that she searched a shed at Appellant's home for stolen property from a prior burglary, thereby suggesting that Appellant had engaged in prior burglaries. Though cited in Appellant's motion below, the post-conviction order does not address this testimony. Second, a probation officer testified that Appellant was on probation (for other bad acts) at the time the burglaries were committed. In

---

[1] Williams v. State, 110 So. 2d 654 (Fla. 1959).

2

both instances, we cannot determine from the record whether Appellant's <u>Williams</u> rule arguments lack merit. Nor can we determine from the record whether this testimony became a feature of the trial.

<u>Williams</u> rule analysis is always two-fold. Collateral-crime evidence "is admissible when relevant to prove a material fact in issue, but is inadmissible when the evidence is relevant solely to prove bad character or propensity." <u>Wright v. State</u>, 19 So. 3d 277, 291-92 (Fla. 2009) (citing § 90.404(2)(a), Fla. Stat. (2000)). <u>See also</u> <u>Jackson v. State</u>, 140 So. 3d 1067, 1070-71 (Fla. 1st DCA 2014). Also, evidence of other bad acts "cannot become a feature of the trial." <u>Wright</u>, 19 So. 3d 277, 293 (citing <u>Morrow v. State</u>, 931 So. 2d 1021, 1022 (Fla. 3d DCA 2006), accord <u>Bryan v. State</u>, 533 So. 2d 744, 746 (Fla. 1988)). "It is well-settled that the erroneous admission of collateral crimes evidence is presumptively harmful and may be found harmless only if the State establishes that there is no reasonable possibility that the error contributed to the verdict." <u>Jackson</u>, 140 So. 3d at 1073.

Because the record attachments fail to refute Appellant's <u>Williams</u> rule-based arguments, we must reverse and remand. Upon remand, the trial court may either grant an evidentiary hearing, or enter summary denial a second time and attach portions of the record that conclusively refute Appellant's allegations. <u>See</u> <u>Ortiz v. State</u>, 968 So. 2d 681, 686 (Fla. 1st DCA 2007).

Conclusion

Accordingly, we REVERSE and REMAND the post-conviction order's summary denial of Appellant's fifth, <u>Williams</u> rule-related, claim, but AFFIRM all other claims.

LEWIS, MARSTILLER, and OSTERHAUS, JJ., CONCUR.