IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RODGER N. BUTLER ,

     Appellant,

v.

STATE OF FLORIDA ,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3730

Opinion filed March 11, 2016.

An appeal from the Circuit Court for Columbia County.
Wesley R. Douglas, Judge.

Rodger N. Butler, pro se, for Appellant.

Pamela Jo Bondi, Attorney General, for Appellee.

PER CURIAM.

     Rodger N. Butler appeals the trial court's summary denial of his motion for

post-conviction relief alleging ineffective assistance of trial counsel during a trial in

2011. Upon consideration of his multiple arguments, we affirm the post-conviction

order without additional comment, except for Mr. Butler's second claim. We reverse

and remand on his second claim, because the post-conviction order and attached records do not conclusively refute it.

In his second claim for post-conviction relief, Mr. Butler asserted that his trial counsel was ineffective for failing to object to certain statements made by the prosecutor in his opening statement, at trial, and during closing. "When a motion for post-conviction relief under [rule 3.850] is granted or denied without an evidentiary hearing, . . . unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R. App. P. 9.141(b)(2)(A) & (D); Smith v. State, 170 So. 3d 124, 125 (Fla. 1st DCA 2015). In this case, we cannot determine from the record attachments whether the record conclusively refutes Appellant's contention that trial counsel was ineffective for failing to object to the prosecutor's statements. Upon remand, the trial court may either grant an evidentiary hearing, or enter summary denial a second time and attach portions of the record that conclusively refute Appellant's allegations.

AFFIRMED IN PART and REVERSED IN PART.

WOLF, OSTERHAUS, and KELSEY, JJ., CONCUR.

2