LEWIS, J.
Appellant, Marcus Goggins, appeals his convictions and sentences for use of another person’s identification without consent and grand theft and raises three issues, only one of which merits discussion and reversal. Appellant contends that the trial court erred in admitting collateral act evidence where the evidence showed only his propensity to commit bad acts. We agree and, therefore, reverse Appellant’s convictions and sentences and remand.
The charges against Appellant in this case were filed after someone opened a cell phone account in the name of a woman living in West Virginia without the woman’s consent and four cell phones associated with the account were sent to Appellant’s address. Before trial, the State filed a notice of intent to offer evidence of other crimes, wrongs, or acts, including the fact that prior to the incident dates charged in this case, Appellant was found to be in possession of personal identification information of a woman who lived in North Dakota along with a credit card and checks containing her name. The address listed on the checks and other items containing the woman’s name was Appellant’s address. The State also sought to admit evidence showing that a notebook was found in a storage unit that had been rented by Appellant before being auctioned for failure to pay. The notebook contained personal identification information belonging to other individuals. There was also mail containing Appellant’s address, though none of it was addressed to Appellant. The mail, some of which was opened, contained credit cards in the names of other individuals. Appellant filed a motion in limine to preclude the State from offering this evidence.
During the hearing on Appellant’s motion, defense counsel argued in part, “I feel like these are ... just attempts to show the propensity, which is not admissible. ... I feel like the case that’s in front of the Court currently, is not the strongest ... and I feel by adding this evidence, the State is trying to make it a stronger case.” The prosecutor argued:
[Appellant], I believe will, or if he does, try to make the argument that this was somehow a mistake by Verizon or some other entity, the shipping company, or what-have-you; Whatever it was it was *1102 a mistake. I’m not involved. I didn’t do it. It was a mistake that these things were sent to my address, then this evidence becomes very relevant to show the absence of a mistake. And that’s why we’re asking to bring it in, that the—his possession of all of these other identities and information, is probative to show that it’s not a mistake, and that’s why Williams Rule evidence is allowed, and should be allowed in this case.
After defense counsel argued that the collateral act evidence could become relevant halfway through the trial, at which point the trial court could say “Okay, State, door’s been opened,” he contended that “without that argument being made or any evidence being introduced to mistake ... I just don’t see it being required for them to establish their burden of the elements charged.” The trial court denied Appellant’s motion and found the collateral act evidence relevant and admissible.
During Appellant’s trial, the prosecutor argued in part during opening statements, “I suspect that they will say you can’t prove [Appellant] is the one that ordered those phones and I will say to that you are correct, we cannot prove [Appellant] is the one who ordered the phones.” The prosecutor contended, however, that “based on all the evidence and everything that you’re going to hear today and all of this other activity that involves his address and the fact that he’s the only one living at that address, there should be no doubt, when you hear all the evidence, that he was involved .... ” Defense counsel argued in part, “Somebody ordered some phones using Carrie Bates’ personal information. Those phones ended up at a residence that [Appellant] was staying at. That’s it. ... That’s all the evidence is going to show you.”
The State first called Carrie Bates, who testified that a Verizon cell phone account was opened in her name without her authorization and that phones had been delivered to 562 Northwest 50th Boulevard in Gainesville. A detective testified that Appellant told him that he lived at that address. A third witness testified that she had visited Appellant’s address on two occasions, that he was the only person there during those times, and that the residence had one bed.
Thereafter, the trial court instructed the jury that the evidence it was about to receive concerned “other crimes, wrongs, or acts allegedly committed by the defendant” and should be considered for the “limited purpose of proving the absence of mistake or accident.” The State then called three witnesses—the former manager of the storage facility where Appellant had rented a storage unit, the individual who purchased the contents of Appellant’s storage unit after his items were auctioned for failure to pay, and a detective who testified about the notebook discovered in the storage unit and other items found in Appellant’s possession.
The jury found Appellant guilty as charged on both counts. The trial court adjudicated Appellant guilty and sentenced him to five years’ imprisonment on both counts with the sentences to run concurrently. This appeal followed.
Section 90.404(2)(a), Florida Statutes (2014), provides that “[s]imilar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Similar fact evidence is “inadmissible when the evidence is relevant solely to prove bad character or propensity.” Id. Whether a relevant material fact is in issue in a case is not necessarily established by a defendant’s plea of not guilty, which denies each essential element of the charged offense, *1103 but must be determined from the particular facts and circumstances involved in each case, i.e., “has the defendant put such fact in issue.” Thomas v. State, 599 So.2d 158, 163 (Fla. 1st DCA 1992). “To open the door to evidence of prior bad acts, the defense must first offer misleading testimony or make a specific factual assertion which the state has the right to correct so that the jury will not be misled.” Bozeman v. State, 698 So.2d 629, 630 (Fla. 4th DCA 1997). A trial court’s decision to admit collateral act evidence is reviewed for an abuse of discretion. Easterly v. State, 22 So.3d 807, 814 (Fla. 1st DCA 2009). The erroneous admission of collateral act evidence is presumptively harmful and may be found harmless only if the State establishes that there is no reasonable possibility that the error contributed to the verdict. Thomas, 599 So.2d at 163.
We agree with Appellant’s argument on appeal that the trial court erred in admitting the collateral act evidence. We find it telling that the State argued that the evidence would become “very relevant to show the absence of a mistake” if the defense tried to make the argument that “this was somehow a mistake by Verizon or some other entity, the shipping company.” The defense made no such argument at trial. Instead, defense counsel argued that someone else had committed the offenses. Contrary to the State’s argument on appeal, defense counsel’s argument during opening statements did not open the door to the admission of the evidence.
The State alternatively argues that if defense counsel’s opening statements did not open the door to the evidence, the evidence was nonetheless admissible because the very nature and facts of the case raised an issue as to Appellant’s involvement in the offenses. However, because there was no material fact in dispute other than whether Appellant committed the crimes at issue, the only thing the collateral act evidence showed was Appellant’s propensity to commit bad acts. There is little doubt that learning of Appellant’s other activities created the impression that Appellant regularly engages in identity theft and certainly could have caused the jury to find him guilty notwithstanding the State’s lack of evidence as to the two charged crimes.
In Jackson v. State, 140 So.3d 1067, 1069 (Fla. 1st DCA 2014), a case the State argues is distinguishable from this case, the appellant appealed his judgment and sentence imposed after he was found guilty of burglary of a dwelling and battery and argued that the trial court erred in admitting evidence of two previous incidents involving the victim. Id. During the appellant’s trial, the appellant’s ex-girlfriend claimed that the appellant broke into her apartment and attacked her with a knife. Id. The State’s collateral act evidence, which the trial court ruled was admissible, consisted of testimony about two prior incidents in which the appellant allegedly attacked the victim. Id. at 1070. In reversing and deeming the admission of the collateral act evidence improper, we reasoned that although intent was an element of the crimes for which the appellant was found guilty, intent was not a material issue in dispute. Id. Moreover, the appellant did not claim self-defense, accident, or mistake with respect to the alleged battery but instead simply claimed that he was not at the apartment on the night of the incident, and his counsel argued that the victim’s allegations were not credible. Id. As to the battery charge, we explained that the probative value of the prior incidents seemed to be premised on the logic that because the appellant attacked the victim in the past, he had the requisite intent to commit the battery at issue. Id. at 1072. We set forth, however, that that was “precisely *1104 the type of reasoning against which the Williams rule is intended to protect.” Id.
The State’s argument that Jackson is distinguishable is meritless. Although the facts in this case are different, this case is similar to Jackson in that Appellant, like the appellant there, did not claim accident or mistake. Moreover, just as in Jackson where the evidence at issue showed the appellant’s propensity to commit bad acts, the collateral act evidence in this case served the same purpose. As such, the trial court abused its discretion in admitting the evidence. See Moss v. State, 169 So.3d 223, 229 (Fla. 1st DCA 2015) (“M.A.’s testimony establishes only that [the appellant] has a propensity to touch women’s bodies offensively, without their consent. This type of propensity evidence is inadmissible and presumptively harmful.”); Harden v. State, 87 So.3d 1243, 1246-47 (Fla. 4th DCA 2012) (holding that the evidence of a prior incident of domestic violence against the victim which was offered to show motive and intent was inadmissible because motive and intent were not at issue and “the earlier incident of domestic violence did nothing more than demonstrate appellant’s propensity for violence against his girlfriend”); Pratt v. State, 1 So.3d 1169, 1170-71 (Fla. 4th DCA 2009) (reversing the admission of collateral crime evidence that the appellant beat his wife three times in the eighteen months preceding the charged crime to show motive or intent because the appellant denied committing the charged crime and “[n]either party did anything to make motive or intent significant to any contested fact”); Foburg v. State, 744 So.2d 1175, 1178 (Fla. 2d DCA 1999) (“The only purpose served by the State’s introduction of the Williams rule evidence was to imply that because [the appellant] had committed similar acts seventeen to twenty years ago, he must have committed the acts with which he was now charged.”); Roberts v. State, 662 So.2d 1308, 1310 (Fla. 4th DCA 1995) (reversing the admission of collateral crime evidence offered to show intent and absence of mistake because those issues “[were] not actually in dispute”).
Accordingly, we reverse Appellant’s convictions and sentences and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
WOLF and WETHERELL, JJ., CONCUR.